1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

4

Antonio Wheeler,

Case No. 2:24-cv-00788-BNW

5

Plaintiff,

6

v.

**SCREENING ORDER**

7

Marshals Police Department, et al.,

8

Defendants.

9

10        Pro se litigant Antonio Wheeler brings this civil-rights case under 42 U.S.C. § 1983 for

11   events that occurred at the Freemont Street Experience culminating in his arrest. ECF No. 1-1. He

12   submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and

13   costs or give security for them. ECF No. 1. His request to proceed *in forma pauperis* therefore

14   will be granted. The court now screens his complaint as required by 28 U.S.C. § 1915(e)(2).

15        **I.      ANALYSIS**

16            **A.  Screening standard for pro se prisoner claims**

17        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

18   redress from a governmental entity or officer or employee of a governmental entity. *See* 28

19   U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any

20   claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

21   monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

22   (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act

23   requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief

24   may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P. 12(b)(6). To state a claim under

25   42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2)

26   deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v.*

27   *California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

28

1    Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

2  failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

3  F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

4  factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

5  *v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

6  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

7  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

8  2014) (quoting *Iqbal*, 556 U.S. at 678).

9    In considering whether the complaint states a claim, all allegations of material fact are

10  taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v.*

11  *Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

12  standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

13  more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

14  (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is

15  clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff

16  should be given leave to amend the complaint with notice regarding the complaint's deficiencies.

17  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

18    **B.  Screening the amended complaint**

19    Mr. Wheeler alleges he had a performer pass for Freemont Street. He contends the

20  City Marshall and security personnel from Freemont Street approached him and told him to sing a

21  different song. The articulated reason for that request was that Mr. Wheeler was inciting a riot. At

22  some point, the Marshall asked Mr. Wheeler for his identification, and, in turn, Mr. Wheeler

23  asked to speak to a supervisor. At that point, Mr. Wheeler explains they "ran [his] name" and

24  arrested him. He believes he was arrested "for not registering," but maintains he had done so. He

25  explains he pled "no contest" in the ensuing criminal case.

26    Mr. Wheeler brings claims under the First, Second, Fourth, and Fourteenth Amendments.

27  //

28  //

1                    **1.  First and Fourth Amendment claims**

2          A successful civil-rights action that would necessarily imply the invalidity of the

3    plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the

4    conviction or sentence has been reversed, expunged, declared invalid, or called into question by a

5    federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994).

6          It is not clear here whether prevailing on these two claims would necessarily imply the

7    invalidity of his conviction.

8          Starting with the Fourth Amendment claim, it appears Plaintiff is alleging he was

9    stopped/detained/arrested without probable cause. But prevailing on that claim may imply the

10   invalidity of his conviction.

11         Similarly, Plaintiff seems to claim he was arrested in retaliation for exercising his freedom

12   of speech. Prevailing on this retaliatory-arrest claim could necessarily imply the invalidity of a

13   conviction because a "plaintiff pressing a retaliatory arrest claim must plead and prove the

14   absence of probable cause for the arrest." *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019); *Hartman*

15   *v. Moore*, 547 U.S. 250, 265 (2006) (explaining that absence of probable cause must be pleaded

16   and proven to support *Bivens* and § 1983 actions against criminal investigators for inducing

17   prosecution in retaliation for speech); *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008)

18   ("Probable cause is an objective standard. If it exists, any argument that the arrestee's speech as

19   opposed to her criminal conduct was the motivation for her arrest must fail, no matter how clearly

20   that speech may be protected by the First Amendment.").

21         As a result, the Court will dismiss these claims without prejudice and with leave to amend.

22   Should Plaintiff choose to amend these claims he must provide the criminal statute to which he

23   entered a plea of "no contest" so that the court can conduct the appropriate analysis.

24                    **1.  Second Amendment**

25         It is not apparent from Plaintiff's complaint how Defendants violated the Second

26   Amendment. The Court will dismiss these claims without prejudice and with leave to amend.

27   Should Plaintiff choose to amend this claim, he must provide a factual basis supporting a

28   violation of this amendment.

### 2. Fourteenth Amendment

To state a claim for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty or property interest for which the protection is sought. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 (1972). "The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1993). Given Plaintiff's basis for this claim is not clear, the Court will dismiss this claim with leave to amend. Should Plaintiff choose to amend this claim, he must provide a factual basis supporting the specific theory under which he alleges the Fourteenth Amendment was violated.

### 3. Instructions for amendment

If Plaintiff chooses to file an amended complaint, he is advised all defendants must be identified in the caption of the pleading and that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

Plaintiff is further advised that if he files an amended complaint, the original complaint (ECF No. 1-1) will no longer serve any function in this case. As such, if he files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

### C. CONCLUSION AND RECOMMENDATIONS

**IT IS ORDERED** that Plaintiff 's Motion to Proceed in Forma Pauperis (ECF No.1.) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court must detach and file Plaintiff's complaint (ECF No. 1-1).

1    **IT IS RECOMMENDED** that the complaint be dismissed with leave to amend. The

2    deadline to amend the complaint will be March 3, 2025.

3    **IT IS FURTHER ORDERED** that the clerk of court must send Plaintiff the approved

4    form for filing a § 1983 complaint, instructions for the same, and a courtesy copy of his complaint

5    (ECF No. 1-1).

6    **NOTICE**

7    This report and recommendation is submitted to the United States district judge assigned

8    to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

9    may file a written objection supported by points and authorities within fourteen days of being

10    served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

11    objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d

12    1153, 1157 (9th Cir. 1991).

13

14    DATED: January 31, 2025

15

16

17    _____
       BRENDA WEKSLER
       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28