**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Antonio Wheeler*,*

          Plaintiff,

   v.

Marshals Police Department Gov, et al.,

          Defendants.

Case No. 2:24-cv-00788-APG-BNW

**REPORT AND RECOMMENDATION**

On January 31, 2025, this Court screened Plaintiff's complaint and recommended that it be dismissed with leave to amend. ECF No. 16. That order warned Plaintiff that his case would be dismissed if he failed to file an amended complaint by March 3, 2025. *Id*. Plaintiff objected, and the district judge advised him that if Plaintiff failed to file an amended complaint by March 28, 2025, his case would be dismissed. ECF No. 20. Plaintiff filed an amended complaint by that deadline, and this Court screened his complaint. ECF Nos. 21 and 22. This Court again recommended that the complaint be dismissed with leave to amend by January 12, 2026. ECF No. 22. On February 10, 2026, this Court entered a minute order stating that the second-amended complaint was past due. It gave him until February 24, 2026, to file the second-amended complaint and warned that failure to do so would result in a recommendation that his case be dismissed without prejudice. ECF No. 23. Plaintiff neither filed an amended complaint by that deadline nor moved for an extension of time to do so. As a result, this Court recommends that the case be dismissed without prejudice and closed.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); s*ee also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of

complaint). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed without an operative complaint, the only alternative is to enter a third order setting yet another deadline. The circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that he did not receive the Court's orders. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

/ /

/ /

/ /

/ /

**IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED** for failure to file a second-amended complaint by the court-ordered deadline, leaving no claims pending.

**<u>NOTICE</u>**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 16, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE